```
                         United States Bankruptcy Court
                         Middle District of Pennsylvania
```

In re:                                              Case No. 20-00125-RNO
Jeantel T. Carter                                   Chapter 13
        Debtor              **CERTIFICATE OF NOTICE**

District/off: 0314-5        User: AutoDocke      Page 1 of 2       Date Rcvd: Feb 26, 2020
                           Form ID: pdf002       Total Noticed: 42

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 28, 2020.
```
db            +Jeantel T. Carter,   243 Hallet Road,   East Stroudsburg, PA 18301-8324
5290548       +BARCLAYS BANK,   PO BOX 8803,   WILMINGTON, DE 19899-8803
5290549       +C TECH COLLECTIONS,   PO BOX 402,   MOUNT SINAI, NY 11766-0402
5290550       +CITIBANK,   701 EAST 60TH ST N,   SIOUX FALLS, SD 57104-0493
5303829        Capital One, N.A.,   c/o Becket and Lee LLP,   PO Box 3001,   Malvern PA 19355-0701
5290557        LEHIGH VALLEY PHYS GROUP,   PO BOX 1754,   ALLENTOWN, PA 18105-1754
5290558       +MICHAEL RATCHFORD ESQ,   RATCHFORD LAW GROUP,   54 GLENMAURA NATL BLVD STE 104,
               MOOSIC, PA 18507-2101
5290559       +MIDLAND FUNDING,   320 EAST BIG BEAVER,   TROY, MI 48083-1271
5293732       +NAPA AT POCONO MEDICAL CTR, LLC,   C.TECH COLLECTS, INC.,   5505 NESCONSET HWY,
               MT SINAI, NY 11766-2037
5290560       +PA DEPT OF REVENUE,   BUREAU OF COLLECTIONS,   PO BOX 281041,   HARRISBURG, PA 17128-1041
5290562       +PAUL STERLING,   243 HALLET ROAD,   EAST STROUDSBURG, PA 18301-8324
5290563        PENN CREDIT,   PO BOX 69703,   HARRISBURG, PA 17106-9703
5290566       +PP&L,   827 HAUSMAN ROAD,   ALLENTOWN, PA 18104-9392
5300581       +PPL,   827 Hausman Rd,   Allentown, PA 18104-9392
5290567       +PROGRESSIVE PHYS ASSOCIATES,   425 BRIGHTON AVENUE,   APT 303,   BETHLEHEM, PA 18015-1247
5290568        RADIOLOGY ASSOCIATES OF MAIN ST,   PO BOX 371863,   PITTSBURGH, PA 15250-7863
5290569       +RECEIVABLE COLLECTION SERVICES,   170 JERICHO TPKE,   SUITE 204,   FLORAL PARK, NY 11001-2024
5290570       +RECEIVABLE MANAGEMENT GROUP,   2901 UNIVERSITY AVE #29,   COLUMBUS, GA 31907-7601
5290572       +SECURITY CREDIT SERVICES,   2623 W OXFORD LOOP,   OXFORD, MS 38655-5442
5290573       +ST LUKE'S,   801 OSTRUM STREET,   BETHLEHEM, PA 18015-1000
5290575       +TD BANK/TARGET CREDIT,   PO BOX 673,   MINNEAPOLIS, MN 55440-0673
5290576       +TEMPOE LLC,   1602 TULLAMORE AVENUE,   BLOOMINGTON, IL 61704-9624
5290577       +THE MONEY SOURCE,   500 S BROAD ST STE 100A,   MERIDEN, CT 06450-6755
5290578        WELTMAN WEINBERG & REIS CO,   170 S INDEPENDENCE MALL W,   SUITE 874,
               PHILADELPHIA, PA 19106-3334
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
cr            +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Feb 26 2020 19:47:04
               PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
5290546       +E-mail/Text: ally@ebn.phinsolutions.com Feb 26 2020 19:40:19     ALLY FINANCIAL,
               PO BOX 380901,   BLOOMINGTON, MN 55438-0901
5290547       +E-mail/Text: ACF-EBN@acf-inc.com Feb 26 2020 19:40:19     ATLANTIC CREDIT & FINANCE (C),
               PO BOX 13386,   ROANOKE, VA 24033-3386
5290551        E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Feb 26 2020 19:41:10     COMENITY CAPITAL BANK,
               BANKRUPTCY DEPARTMENT,   PO BOX 183043,   COLUMBUS, OH 43218-3043
5290552       +E-mail/Text: ccusa@ccuhome.com Feb 26 2020 19:40:19     CREDIT COLLECTIONS USA,
               256 GREENBAG RD STE 1,   MORGANTOWN, WV 26501-7158
5290553       +E-mail/PDF: creditonebknotifications@resurgent.com Feb 26 2020 19:46:21     CREDIT ONE BANK,
               PO BOX 98873,   LAS VEGAS, NV 89193-8873
5290554        E-mail/Text: mrdiscen@discover.com Feb 26 2020 19:40:21     DISCOVER,   PO  BOX 30943,
               SALT LAKE CITY, UT 84130
5292638        E-mail/Text: mrdiscen@discover.com Feb 26 2020 19:40:21     Discover Bank,
               Discover Products Inc,   PO Box 3025,   New Albany, OH  43054-3025
5290555        E-mail/Text: bk@freedomfinancialnetwork.com Feb 26 2020 19:40:17     FREEDOM DEBT RELIEF,
               4940 SOUTH WENDLER DRIVE,   SUITE 210,   TEMPE, AZ 85282
5290556       +E-mail/Text: bncnotices@becket-lee.com Feb 26 2020 19:41:03     KOHLS DEPT STORES,
               PO BOX 3115,   MILWAUKEE, WI 53201-3115
5293207        E-mail/PDF: resurgentbknotifications@resurgent.com Feb 26 2020 19:46:23     LVNV Funding, LLC,
               Resurgent Capital Services,   PO Box 10587,   Greenville, SC 29603-0587
5290561       +E-mail/Text: paparalegals@pandf.us Feb 26 2020 19:41:45     PATENAUDE & FELIX,
               501 CORPORATE DRIVE,   SOUTHPOINTE CTR STE 205,   CANONSBURG, PA 15317-8584
5290565        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Feb 26 2020 19:46:20
               PORTFOLIO RECOVERY ASSOCIATES LLC,   PO BOX 41067,   NORFOLK, VA 23541-1067
5298332        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Feb 26 2020 19:46:20
               Portfolio Recovery Associates, LLC,   POB 12914,   Norfolk VA 23541
5293091       +E-mail/Text: RVSVCBICNOTICE1@state.pa.us Feb 26 2020 19:41:17
               Pennsylvania Department of Revenue,   Bankruptcy Division PO BOX 280946,
               Harrisburg, PA 17128-0946
5290571       +E-mail/PDF: resurgentbknotifications@resurgent.com Feb 26 2020 19:45:44
               RESURGENT/LVNV FUNDING,   PO BOX 1269,   GREENVILLE, SC 29602-1269
5290574        E-mail/PDF: gecsedi@recoverycorp.com Feb 26 2020 19:46:09     SYNCHRONY BANK,
               ATTN BANKRUPTCY DEPT,   PO BOX 965061,   ORLANDO, FL 32896-5061
5290972       +E-mail/PDF: gecsedi@recoverycorp.com Feb 26 2020 19:46:10     Synchrony Bank,
               c/o PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
                                                                          TOTAL: 18
```

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****

```
5290564      ##+POCONO GASTROENTEROLOGY PC,   175 E BROWN ST STE 115,   EAST STROUDSBURG, PA 18301-3098
                                                                        TOTALS: 0, * 0, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 28, 2020                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 26, 2020 at the address(es) listed below:
```
          Charles J DeHart, III (Trustee)   TWecf@pamd13trustee.com
          James  Warmbrodt   on behalf of Creditor   The Money Source Inc. bkgroup@kmllawgroup.com
          United States Trustee    ustpregion03.ha.ecf@usdoj.gov
          Vincent  Rubino    on behalf of Debtor 1 Jeantel T. Carter
           lhochmuth@newmanwilliams.com;mdaniels@newmanwilliams.com;lbeaton@newmanwilliams.com;rkidwell@newm
           anwilliams.com;swiggins@newmanwilliams.com
                                                               TOTAL: 4
```

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br>Jeantel T. Carter,<br>aka Jeantel Trevene Carter,<br>aka Jeantel Carter,<br>aka Jeantel Sterling<br>Debtors | CHAPTER 13<br><br>CASE NO.<br><br>__X__ ORIGINAL PLAN<br>_____ AMENDED PLAN (Indicate 1st , 2nd , 3rd ,<br>        etc.)<br>__1__ Number of Motions to Avoid Liens<br>__1__ Number of Motions to Value Collateral |

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☑ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

### 1. PLAN FUNDING AND LENGTH OF PLAN.

#### A. **Plan Payments From Future Income**

      1. To date, the Debtor paid **$0.00** (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is **$45,900.00**, plus other payments and property stated in § 1B below:

Case 5:20-bk-00125-RNO   Doc 7   Filed 01/14/20   Entered 01/14/20 14:12:10   Desc
Main Document    Page 1 of 10
Case 5:20-bk-00125-RNO   Doc 25   Filed 02/28/20   Entered 02/29/20 00:38:39   Desc
Imaged Certificate of Notice   Page 3 of 12

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 02/2020 | 01/2025 | $765 | N/A | $765 | $45,900 |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $45,900 |

2.  If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3.  Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4.  CHECK ONE:  (  ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

    ( X) Debtor is over median income.  Debtor estimates that a minimum of  **100%** must be paid to allowed unsecured creditors in order to comply with the Means Test.

**B.  Additional Plan Funding From <u>Liquidation of Assets/Other</u>**

1.  The Debtor estimates that the liquidation value of this estate is **$0.00**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

  x   No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

___   Certain assets will be liquidated as follows:

2.  In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____. All sales shall be completed by _____, 20____. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____.

2

3.  Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

## 2.  SECURED CLAIMS.

### A.  Pre-Confirmation Distributions. *Check one.*

__x__   None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

____   Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |

1.  The Trustee will not make a partial payment.  If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2.  If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

### B.  Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor. *Check one.*

____   None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

__x__   Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| **The Money Source** | **1st mortgage on 243 Hallet Road, East Stroudsburg, PA 18301** | **6785** |
|  |  |  |

3

**C. Arrears, including, but not limited to, claims secured by Debtor's principal residence.**
*Check one.*

__x__    None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

_____    The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

**D. Other secured claims (conduit payments, claims for which a § 506 valuation is not applicable, etc.)**

__x__    None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

_____    The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1.    The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under § 1328 of the Code.

2.    In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3.    Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|

4

Case 5:20-bk-00125-RNO   Doc 7   Filed 01/14/20   Entered 01/14/20 14:12:10   Desc
Main Document    Page 4 of 10
Case 5:20-bk-00125-RNO   Doc 25   Filed 02/28/20   Entered 02/29/20 00:38:39   Desc
Imaged Certificate of Notice    Page 6 of 12

| | | | | |
|---|---|---|---|---|
| | | | | |

**E. Secured claims for which a § 506 valuation is applicable.** *Check one.*

  x   None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

     Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under § 1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| | | | | | |

**F. Surrender of Collateral.** *Check one.*

     None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

  x   The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| Ally Financial | Auto loan on 2016 Chevy Cruze |

**G. Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

     None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

5

  x     The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder. | Barclays Bank Delaware | | |
|---|---|---|---|
| Lien Description. (For a judicial lien, include court and docket number.) | Judgment entered 6/10/19; Monroe Cty. CCP; Dkt. #7764 CV 2019 | | |
| Description of the liened property. | 243 Hallet Road, East Stroudsburg, PA 18301 | | |
| Liened Asset Value | $228,189.00 | | |
| Sum of Senior Liens | $176,563.34 | | |
| Exemption Claimed | $25,150.00 | | |
| Amount of Lien | $2,638.88 | | |
| Amount Avoided | $2,638.88 | | |

3. **PRIORITY CLAIMS.**

A. **Administrative Claims**

1. Trustee's Fees.  Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. Attorney's fees. Complete only one of the following options:

   a. In addition to the retainer of **$0.00** already paid by the Debtor, the amount of **$3,000.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

   b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. Other.  Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

     x    None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

6

___    The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |

**B.**  **Priority Claims (including certain Domestic Support Obligations)**.

Allowed unsecured claims, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| PA Dept. of Revenue | $150.00 |

**C.**  **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

  x    None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

___    The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |

**4.**  **UNSECURED CLAIMS**

  **A.**  **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

  x    None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

___    To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|---|
| | | | | | |

7

Case 5:20-bk-00125-RNO   Doc 7   Filed 01/14/20   Entered 01/14/20 14:12:10   Desc
Main Document    Page 7 of 10
Case 5:20-bk-00125-RNO   Doc 25   Filed 02/28/20   Entered 02/29/20 00:38:39   Desc
Imaged Certificate of Notice   Page 9 of 12

**B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

  _x_   None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

  ___   The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Creditor | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

6. **VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

  ___   plan confirmation.
  ___   entry of discharge.
  _x_   closing of case:

7. **DISCHARGE: (Check one)**

  (X)   The debtor will seek a discharge pursuant to § 1328(a).
  ( )   The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

8

Payments from the plan will be made by the Trustee in the following order:

| Level 1 | Adequate protection payments | $ -0- | |
|---|---|---|---|
| Level 2 | Debtor's attorney's fees. | $ 3,000.00 | |
| Level 3 | Domestic Support Obligations | $ -0- | |
| Level 4 | Priority claims, pro rata | $ 150.00 | |
| Level 5 | Secured claims, pro rata | $ -0- | |
| Level 6 | Specially classified unsecured claims | $ -0- | |
| Level 7 | General unsecured claims | $38,551.56 | |
| Level 8 | Untimely filed unsecured claims to which the debtor(s) has/have not objected. | $ -0- | |
| | Subtotal | | $41,701.60 |
| | Trustee Commission | $ 4,198.40 | |
| | Total | | $45,900.00 |

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

A. This Chapter 13 Plan provides a distribution chart in Section 8 above that provides estimated distributions to classes of creditors and the Trustee, in addition to all information indicated in the Model Plan.

B. ***Debtors shall pay approved unsecured claims in full (100%).***

C. The Debtor is surrendering the property known as 2016 Chevrolet Cruze (the "Collateral") to the lienholders, their successors and assigns, in full satisfaction of their debts. **Ally Financial, its successors and assigns** ("creditor"), shall be considered fully secured by the Collateral, shall not be entitled to share in any distribution to unsecured creditors, ***and may***

9

*not pursue collection against the Debtor for pre-petition and/or post-petition debts, fees, costs, assessments and/or charges arising from or related to the Collateral*. Creditor is entitled and authorized to exercise all available *in rem* remedies against the Collateral, including but not limited to repossession and resale.

Dated: 1/9/2020
　　　　　　　　　　　　　　　/s/ Vincent Rubino　　　　　　　　　　　　
　　　　　　　　　　　　　　　VINCENT RUBINO, ESQ., Attorney for Debtor


　　　　　　　　　　　　　　　/s/ Jeantel T. Carter　　　　　　　　　　　
　　　　　　　　　　　　　　　Jeantel T. Carter, Debtor


By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

10